# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARIANA MEGYERI, | ) | CASE NO. 1:20-cv-2063 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ANDREW W. SAUL, Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 18) for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $1,437.50 in attorney's fees. For the reasons set forth herein, the stipulation is approved.

On September 14, 2020, plaintiff Mariana Megyeri filed this action seeking judicial review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On June 3, 2021, on the parties' joint stipulation, this Court remanded the case for further consideration pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (*See* Doc. No. 17.)

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report*

*and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted with the joint stipulation shows that plaintiff's counsel performed 11.5 hours of legal services, billing at a rate of $125.00 per hour. The Court finds the number of hours, the legal services performed, and the billing rate to be reasonable.

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. As further recognized in the stipulation, this award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff does not owe a pre-existing debt to the United States, defendant shall direct that the award of $1,437.50 in attorney's fees be made payable to plaintiff's attorney and be mailed to the attorney's business address.

For the reasons set forth herein, the Court grants the parties' stipulation (Doc. No. 18) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $1,437.50 in attorney's fees and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: June 14, 2021

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**